IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLINA MEDICAL SALES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:07-cv-01298-RMU |
| ) | |
| LEAVITT, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE NEW MATERIALS AND
ARGUMENTS RAISED IN DEFENDANTS' REPLY BRIEF**

Pursuant to L. Civ. R. 7, Plaintiffs Carolina Medical Sales, Inc. and Americare Health Systems (collectively "plaintiffs") hereby move the Court to strike the two exhibits attached to Defendants' Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and the corresponding argument in defendants' brief. In support of their motion, Plaintiffs state:

1.  In their opening brief, as part of their argument that plaintiffs' complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), defendants suggested that "if Plaintiffs failed to submit a comment about HHS's proposal to consider delivery mode in implementing a competitive bidding program, they have waived their right to challenge HHS's determination to segment between DMEPOS items by delivery type . . . ." Mem. in Supp. of Defs.' Motion to Dismiss, at 23. Defendants then conceded that "HHS remains in the process of evaluating whether either Plaintiff submitted a timely comment pertinent to this issue." *Id.* at 23 n.13. Defendants therefore alluded to the possibility of, but did not actually make, any "waiver" argument. Furthermore, because such an argument would depend on materials outside the

pleadings, defendants could not make such an argument without converting their motion to one for summary judgment. *See Novartis Pharmaceuticals Corp. v. Shalala*, No. 99-0323, 1999 U.S. Dist. LEXIS 8749, at *2-4 (D.D.C. June 3, 1999) (citations omitted).

2.  Because defendants did not fully raise or support their "waiver" argument in their opening brief, plaintiffs had no "waiver" argument to respond to in their opposition brief. The "waiver" issue was not raised in plaintiffs' opposition brief.

3.  Defendants nevertheless argued "waiver" in their reply brief. In response to plaintiffs' contention that they suffered "procedural injury" in this case, defendants argued that plaintiffs received adequate notice of defendants' future course of action in the proposed rule. *See* Defs.' Reply Br. at 18-19. In support of this argument, defendants included as exhibits an "Amended Declaration of Joel E. Kaiser" and a copy of a letter from Apria Healthcare containing comments on the proposed rule. Defendants relied on the Apria Healthcare letter and Mr. Kaiser's amended declaration to argue, as an issue of fact, that plaintiffs failed to comment on the proposed rule and therefore "have waived their right to contest this distinction as arbitrary and capricious now that the final rule has been promulgated." *Id.* at 20 (citation omitted). Defendants therefore inappropriately introduced a new issue and documents outside the pleadings as part of their reply brief. Defendants may not inject matters outside the pleadings in support of their Rule 12(b)(6) motion to dismiss, nor should they be entitled to rely on documents in the administrative record and argument related thereto to support their Rule 12(b)(1) motion to dismiss when plaintiffs have not had access to the record or a meaningful opportunity to respond to such argument. *See Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197-98 (D.C. Cir. 1992).

4. Plaintiffs therefore respectfully request that Exhibits A and B to Defendants' Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, as well as any argument made by defendants in reliance on such documents, be stricken.

5. Alternatively, plaintiffs request leave to file a surreply to address the numerous problems with defendants' arguments regarding "waiver." For example, defendants' argument does not account for the fact that plaintiffs did, in fact, submit comments in response to the notice of proposed rulemaking and incorrectly presumes that the notice of proposed rulemaking provided plaintiffs with sufficient notice of the Secretary's eventual course action with regard to "mail order diabetic supplies" to submit meaningful comments on this issue. Furthermore, defendants' arguments do not account for the fact that a judicial challenge may be raised, regardless of what comments, if any, a party submitted to the agency, where the challenge is based on unauthorized agency action or where other parties raised the issue before the agency. *See e.g. Nat'l Res. Def. Council, Inc. v. EPA*, 824 F.2d 1146, 1150-51 (D.C. Cir. 1987) (citations omitted); *Washington Ass'n for Television & Children v. FCC*, 712 F.2d 677, 682 (D.C. Cir. 1983); *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 9-10 (D.D.C. 2005). Indeed, plaintiffs may need discovery and access to the complete administrative record to have a fair opportunity to rebut defendants' arguments.

6. Counsel for plaintiffs conferred with counsel for defendants with regard to this motion on February 22, 2008. Counsel for defendants does not consent to this motion.

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that their motion to strike be granted. A proposed order is submitted herewith.

Dated: February 22, 2008.

Respectfully submitted,

 /s/ Frederick Robinson_____
Frederick Robinson
D.C. Bar. No. 367223
Caroline M. Mew
D.C. Bar No. 467354
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 662-0200

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CAROLINA MEDICAL SALES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:07-cv-01298-RMU |
| LEAVITT, et al., | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER**

This matter is before the Court on plaintiffs' motion to strike new materials and arguments raised in defendants' reply brief. For good cause shown, the Court hereby GRANTS plaintiffs' motion. The Court will strike, and will not consider, Exhibits A and B attached to Defendants' Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or any argument raised by defendants in reliance on such documents.

Dated: _____, 2008.

_____
United States District Judge

Persons to be notified of entry:

C. Lee Reeves
Department of Justice
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530

Linda Keyser
Department of Health and Human Services
330 Independence Avenue, S.W., Room 5327D
Washington, D.C. 20201

Frederick Robinson
Caroline M. Mew
Fulbright & Jaworski L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004