## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAROLINA MEDICAL SALES, INC.,**<br>**et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 07-cv-01298 (RMU)** |
| | ) | |
| **MICHAEL O. LEAVITT,** | ) | |
| **Secretary, United States Department of** | ) | |
| **Health and Human Services, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE NEW MATERIALS AND ARGUMENTS RAISED IN DEFENDANTS' REPLY BRIEF

Defendants attached the Amended Declaration of Joel E. Kaiser and a comment submitted by Apria Healthcare ("Apria") to our reply motion. Plaintiffs Carolina Medical Sales, Inc. and Americare Health Systems (collectively "plaintiffs") have moved to strike these exhibits on two grounds: (i) that these materials raise new arguments not presented in defendants' opening memorandum; and (ii) that these materials impermissibly call upon the court to make determinations that must be reserved for summary judgment. Plaintiffs are wrong on both counts.

### I.    PLAINTIFFS' MOTION TO STRIKE IS IMPROPER

Plaintiffs move to strike two exhibits attached to defendants' reply motion. Motions to strike are permissible only as to pleadings, not as to briefs, motions, or exhibits. *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (Urbina, J.) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the

defendants' reply.") (citing Fed. R. Civ. P. 12(f)).[1]  Because the two exhibits plaintiffs seek to strike are "not [] pleading[s], as defined in Federal Rule of Civil Procedure 7(a), and motions to strike apply only to pleadings, the plaintiffs' motion to strike is improper."  *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005) (Urbina, J.).  Moreover, even if the challenged exhibits were pleadings under Fed. R. Civ. P. 7(a), which they are not, they may only be stricken if they contain "redundant, immaterial, impertinent, or scandalous matter."  *Id.*  (citing Fed. R. Civ. P. 12(f)).  Plaintiffs have not even attempted to carry their burden to show that such a "drastic" and "disfavor[ed]" action is warranted as to either of the exhibits.  *Naegele*, 355 F. Supp. 2d at 142 ("In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike.  Consequently, the burden lies with the movant.") (internal citations omitted).  Accordingly, plaintiffs' motion to strike should be denied on this basis alone.

## II.   DEFENDANTS' OPENING BRIEF CLEARLY PUT PLAINTIFFS ON NOTICE THAT DEFENDANTS WERE RAISING A WAIVER ARGUMENT

Apart from the fact that plaintiffs' motion to strike contravenes the plain text of Fed. R. Civ. P. 7 and 12(f), the arguments plaintiffs offer to justify their motion are baseless.  Plaintiffs correctly note that in their opening brief, defendants argued that "if Plaintiffs failed to submit a comment about HHS's proposal to consider delivery mode in implementing a competitive bidding program, they have waived their right to challenge HHS's determination to segment between DMEPOS items by delivery type . . . ."  Pl. Mot. to Strike at ¶ 1 (quoting Def. Opening

---

[1]*See also Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006); *Kopf v. Battaglia*, 425 F. Supp. 2d 76, 86 n.13 (D.D.C. 2006); *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005) (all denying motions to strike materials on this same basis).

Br. at 23).  Plaintiffs seize on a footnote in defendants' opening brief stating that "HHS remains

in the process of evaluating whether either Plaintiff submitted a timely comment pertinent to [the

issue of delivery mode]."  Def. Opening Br. at 23, n.13.  Because defendants were still in the

process of this evaluation, plaintiffs argue, defendants "did not actually make any 'waiver'

argument."  Pl. Mot. to Strike at ¶ 1.  Accordingly, plaintiffs assert that defendants did not raise

the issue of waiver until our reply brief, thereby depriving plaintiffs of an opportunity to respond

to this argument.  *See id.* at ¶ 2.  ("Because defendants did not fully raise or support their

'waiver' argument in their opening brief, plaintiffs had no 'waiver' argument to respond to in

their opposition brief.").  This is absurd.

       While it is true that defendants, at the time they filed their opening brief, had not yet

ascertained whether plaintiffs filed a comment pertinent to the issues in this litigation, it does not

follow from this that plaintiffs were not on notice that defendants were making a waiver

argument.  The pertinent portion of defendants' opening brief reads as follows:

> [I]f Plaintiffs failed to submit a comment about HHS's proposal to consider
> delivery mode in implementing a competitive bidding program, they have waived
> their right to challenge HHS's determination to segment between DMEPOS items
> by delivery type (apart from the fact that such a challenge is barred by statute).
> *Nat'l Wildlife Fed'n v. EPA*, 286 F.3d 554, 562 (D.C. Cir. 2002) ("It is well
> established that issues not raised in comments before the agency are waived and
> this Court will not consider them.").

Def. Opening Br. at 23 (footnote omitted).

Any uncertainty plaintiffs might have had (however unreasonably) about whether defendants

intended to raise a waiver argument should have been eliminated by the citation immediately

following the sentence in issue.  Indeed, what other possible purpose could defendants have had

in citing the case quoted above except to put plaintiffs on notice that they were making a waiver

argument?

As for plaintiffs' purported inability to respond, plaintiffs could easily have resolved the comment issue once and for all by attaching to their opposition memorandum the comments they now claim they submitted.  Yet they failed to do so, instead waiting until defendants had completed their search of the pertinent portions of the administrative record and filed their reply in an improper attempt to have the last word.  Incredibly, plaintiffs remain coy even now.  While plaintiffs claim that they "did, in fact, submit comments in response to the notice of proposed rulemaking," Pl. Mot. to Strike at ¶ 5, they have not attached any of these comments (plural) to their motion to strike.  Defendants have no record of receiving any comment whatsoever by either plaintiff, let alone a comment pertinent to this litigation.  *See* Parker Decl. at ¶ 5. Furthermore, plaintiffs offer nothing other than the *ipse dixit* of counsel to show that they have submitted comments; they present no declaration or affirmation of anyone with personal knowledge to support this assertion, to say nothing of any indication of the content of any of these comments.  While plaintiffs may regret their decision not to confront the waiver issue in their opposition brief, *cf.* Pl. Mot. To Strike at ¶ 2 (conceding plaintiffs' failure to address waiver issue), that is not a sufficient basis to give them a second bite at the apple.

What is more, plaintiffs do not even seem to understand why defendants submitted the comment from Apria that plaintiffs seek to strike.  It was not, as plaintiffs claim, "to argue, as an issue of fact, that plaintiffs failed to comment on the proposed rule"  Pl. Mot. to Strike at ¶ 3. Rather, this comment was offered to rebut plaintiffs' legally unsupportable argument that the final rule was not a "logical outgrowth" of the proposed rule.  The Apria comment highlights the fallacy of plaintiffs' argument that they lacked notice/that the final rule was not a logical

-4-

outgrowth of the proposed rule by showing that other commenters (i) understood from the proposed rule that defendants intended to distinguish between mail-order and storefront providers with respect to the initial phases of competitive bidding, and (ii) approved of this proposed distinction.  Thus, defendants offered the Apria comment to reinforce further what is already crystal clear from the text of the proposed rule itself: That the proposed rule afforded ample notice that defendants planned to distinguish between mail-order and storefront suppliers, or, put another way, that the final rule was a logical outgrowth of the proposed rule.[2]  For all of these reasons, plaintiffs' argument that defendants failed to raise the waiver argument in our opening brief is incorrect.

III.    **DEFENDANTS ARE NOT BOUND BY THE ALLEGATIONS IN PLAINTIFFS' COMPLAINT INSOFAR AS THEY ARE CHALLENGING SUBJECT MATTER JURISDICTION**

Plaintiffs further argue that because defendants' waiver argument "would depend on materials outside the pleadings, defendants could not make such an argument without converting their motion to one for summary judgment."  Pl. Mot. to Strike at ¶ 1.[3]  Again, plaintiffs are wrong.

Where, as here, defendants have moved for dismissal under Rule 12(b)(1), "[a] court may look beyond the pleadings to resolve disputed jurisdictional facts when considering a motion to

---

[2]There can be no question that defendants raised the issue of sufficient notice in our opening brief.  *See* Def. Opening Br. at 20-24.

[3]The sole case plaintiffs cite as authority for this proposition is *Novartis Pharmaceuticals v. Shalala*, 2000 WL 1769589 at *2-*4 (D.D.C. 2000).  In *Novartis*, the issue was whether, in light of new evidence, the Court should reconsider its initial decision as to the scope of the administrative record.  It is not at all clear what *Novartis* has to do with the appropriate scope of judicial inquiry when dismissal is sought pursuant to Rule 12(b)(1).

dismiss." *Tootle v. Secretary of Navy*, 446 F.3d 167, 174 (D.C. Cir. 2006). Notwithstanding

plaintiffs' assertion to the contrary, Pl. Mot. to Strike at ¶ 1, "[t]he attachment of exhibits to a

Rule 12(b)(1) motion does not convert it to a Rule 56 motion. While the court generally may not

consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such

materials on a Rule 12(b)(1) motion, such as the one in this case." *Gonzalez v. United States*,

284 F.3d 281, 288 (1st Cir. 2002). These cases recognize that, by the plain terms of Rule 12(b),

reference to matters outside the pleadings only converts a motion to dismiss to a motion for

summary judgment to the extent that dismissal is sought pursuant to Rule 12(b)(6). *See* Fed. R.

Civ. P. 12(b).

      In this case, plaintiffs seek to evade the statutory provisions foreclosing judicial review by

claiming, among other things, that defendants' notice and comment procedures were defective,

thereby causing plaintiffs to suffer "procedural injury." In particular, plaintiffs allege that

defendants unlawfully deprived them of notice and an opportunity to comment on the Secretary

of Health and Human Services's ("the Secretary") decision to distinguish between mail-order and

storefront providers of diabetic supplies.

      Defendants have sought to combat this lack of notice argument they only way we

could—by referencing portions of the administrative record that prove that plaintiffs' claims of

procedural injury are demonstrably false. Plaintiffs argue that this resort to the record is unfair,

and that defendants should not "be entitled to rely on documents in the administrative record and

argument related thereto to support their Rule 12(b)(1) motion to dismiss when plaintiffs have

not had access to the record or a meaningful opportunity to respond." Pl. Mot. to Strike at ¶ 3.

      If plaintiffs are correct, and defendants' reference to materials outside the complaint

automatically converted their 12(b)(1) motion to dismiss to a motion for summary judgment, a motion to dismiss could virtually never be granted in the face of a claim of procedural injury. This is so because allegations of procedural injury typically stand or fall on what is in the administrative record. Thus, if the record were off limits at the pleading stage even in cases where, as here, it is directly relevant to the issue of subject matter jurisdiction, a court when faced with an assertion of procedural injury would simply have to assume jurisdiction and proceed to summary judgment, notwithstanding the jurisdictional bar Congress wrote into the statute.

That cannot be and is not the law. Rather, on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. National Academy of Sciences*, 974 F.2d 192, 198 (D.C. Cir. 1992). In this case, the facts pertinent to the notice dispute are all undisputed. There can be no dispute about the pertinent portions of the proposed rule and the text of the Apria comment—these materials say what they say. All that remains is for this Court to draw a legal conclusion from these items; namely, whether these materials afforded plaintiffs the notice they claim was lacking.[4]

---

[4]There is no merit to plaintiffs' alternative argument that they "may need discovery and access to the complete administrative record to have a fair opportunity to rebut defendants' arguments." Pl. Mot. to Strike at ¶ 5. As regards the necessity of discovery, it bears repeating that the only dispute is whether plaintiffs had sufficient notice from the proposed rule that defendants were considering distinguishing between mail-order and storefront providers of diabetic supplies. The pertinent portions of the proposed rule are publicly available, and defendants have already furnished the only comment in the record relevant to this issue. *See* Kaiser Amended Decl. at ¶ 4 (stating that Apria comment was only comment CMS received regarding the Secretary's proposed distinction between suppliers by method of delivery). Given this, it is difficult to see what other discovery plaintiffs could obtain that would allow them to prevail on this issue (i.e., to demonstrate that plaintiffs did not get notice that the Secretary

Plaintiffs further argue that "defendants' argument [regarding waiver] does not account for the fact that plaintiffs did, in fact, submit comments in response to the notice of proposed rulemaking and incorrectly presumes that the notice of proposed rulemaking provided plaintiffs with sufficient notice of the Secretary's eventual course of action with regard to 'mail order diabetic supplies' to submit meaningful comments on this issue." Pl. Mot. to Strike at ¶ 5.  This assertion is beyond bizarre.  Either plaintiffs received notice that defendants were considering distinguishing between mail-order and storefront providers, or they did not.  If plaintiffs did submit comments on this issue, then their own actions make clear that they received the very notice they claim was lacking.  If plaintiffs did not receive notice, and they nonetheless submitted comments as they now claim, it is hard to see how these comments could be material to this case.  Thus, plaintiffs' argument on this issue is either self-defeating or irrelevant.

What plaintiffs apparently argue is that they submitted some comments, but not comments that are "meaningful on [the] issue" at hand (i.e., whether the Secretary should distinguish between mail-order and storefront providers of diabetic supplies).[5]  Pl. Mot. to Strike

---

planned to distinguish between mail-order and storefront suppliers).  Plaintiffs have therefore failed to carry their burden to show that discovery is appropriate.  *See Savage v. Bioport, Inc.*, 460 F.Supp. 2d 55, 62 (D.D.C. 2006) ("[B]ecause [] plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for jurisdictional discovery must be denied.  It is reasonable for a court to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery."  (internal quotations and citations omitted).

[5]If this is correct, and the comments plaintiffs submitted are not pertinent to this litigation, it is small wonder why they have failed to attach them to their motion to strike.  Of course, this sort of speculation is only necessary because plaintiffs have failed to produce, even now, the comments they claim they submitted so that defendants could consider them in drafting our response motion.  There is no small irony that in a lawsuit in which plaintiffs complain of a lack of notice, plaintiffs have failed to produce comments central to their motion to strike, thereby depriving defendants of an opportunity to evaluate or respond to these comments.

at ¶ 5. That plaintiffs submitted comments on other issues unrelated to this litigation is obviously irrelevant as to whether the proposed rule afforded plaintiffs sufficient notice of the Secretary's proposal to distinguish between mail-order and storefront providers of diabetic supplies in the initial phases of competitive bidding, or to whether plaintiffs have waived their right to contest the agency action they now challenge.

Plaintiffs are correct that "a judicial challenge may be raised, regardless of what comments, if any, a party submitted to the agency, where the challenge is based on unauthorized agency action or where other parties raised the issue before the agency." Pl. Mot. to Strike at ¶ 5. Defendants have never argued otherwise.[6] In our reply brief, defendants made clear that plaintiffs' failure to comment foreclosed only plaintiffs' ability to challenge defendants' actions as arbitrary and capricious. *See* Def. Reply Br. at 20 ("Because HHS received no comments from plaintiffs or anyone else stating that it could not or should not distinguish between mail-order and storefront suppliers for purposes of defining an 'item' under the MMA, Amended Kaiser Decl. at ¶ 4, plaintiffs have waived their right to contest this distinction as arbitrary and capricious now that the final rule has been promulgated."). Given this agreement about the scope of the waiver argument, and given the lack of merit to plaintiffs' argument that defendants failed to raise a waiver argument in our opening brief, plaintiffs' alternative request for leave to file a surreply should be denied.

---

[6]This is in no way a concession that plaintiffs' claims are not foreclosed by 42 U.S.C. § 1395w-3(b)(10)(D) and (E). As stated in our reply brief, defendants submit that this Court's review is limited to determining whether the Secretary acted within the scope of his statutorily-granted discretion. Def. Reply Br. at 3, n.2.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that plaintiffs' motion to strike

be denied.

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General
SHEILA M. LIEBER
Deputy Branch Director, Civil Division, Federal
Programs Branch


_____/s/_____
C. LEE REEVES
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7109
Washington, D.C.  20530
Telephone:  (202) 514-4805
Facsimile:  (202) 616-8470
Email: lee.reeves@usdoj.gov

Attorneys for the United States of America

## DECLARATION OF LISA PARKER

Lisa Parker, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the Director of Division A, Regulations Development Group, Office of Strategic Operations and Regulatory Affairs. The Regulations Development Group is responsible for managing the regulations development and clearance process for the Center for Medicare Services's (CMS) regulations. As part of these responsibilities, the Regulations Development Group maintains the official Agency rulemaking records.

2. I have a Bachelor of Arts in English and a Juris Doctorate from the University of Baltimore. I have been working with the Regulations Group since 1991 and have been a manager in this office since 2002. In addition to my duties related to overseeing the development and timely publication of CMS regulations, I am responsible for the Group's records management function, which includes producing documents in response to requests for rulemaking records.

3. CMS began accepting electronic public comments regarding all regulations and posting them to the CMS website on January 30, 2004. We began posting all public comments on those regulations, including paper comments sent to us in the mail, on January 1, 2005.

4. The Competitive Acquisition for Certain Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) proposed rule (CMS file code CMS-1270-P) was published on May 1, 2006. The 60-day public comment period closed on June 30, 2006. In response to the proposed rule, we received 2129 timely public comments consisting of 854 paper comments and 1275 electronic comments, which are posted on the CMS website. Shortly after the close of the public comment period, we prepared a log of all timely comments.

5. Under my direction, staff in the Regulations Development Group conducted a search of all the public comments on the CMS website and reviewed the public comment log. I certify that we have no record of any public comment submitted by either Carolina Medical Sales or AmeriCare Health.


Dated:          March 4, 2008
                Baltimore, Maryland

                                    _Lisa Parker_
                                    LISA PARKER

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| CAROLINA MEDICAL SALES, INC., et al., <br><br>      Plaintiffs, <br><br>   v. <br><br> MICHAEL O. LEAVITT, Secretary of the Department of Health and Human Services, et al., <br><br>      Defendants. | Civil Action No. 1:07-cv-01298 (RMU) |

**[Proposed] ORDER**

     Upon consideration of Plaintiffs' Motion to Strike New Materials and Arguments Raised in Defendants' Reply Brief, it is hereby ORDERED that the motion is DENIED.


Dated: _____.



                  _____
                  UNITED STATES DISTRICT JUDGE