IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
CAROLINA MEDICAL SALES, INC., et al.,       )
                                            )
            Plaintiffs,                     )
                                            )
     v.                                     )    No. 1:07-cv-01298-RMU
                                            )
LEAVITT, et al.,                            )
                                            )
            Defendants.                     )
_____)

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO STRIKE NEW MATERIALS AND ARGUMENTS RAISED IN DEFENDANTS' REPLY BRIEF**

Defendants cannot avoid the fact that they filed a reply brief in support of their motion to dismiss that improperly relied on new evidence outside the pleadings and new argument. Defendants attached *one* letter from the 2,129 comments allegedly submitted in response to their notice of proposed rulemaking, and argued that this letter definitively showed that the notice of proposed rulemaking gave plaintiffs adequate notice of defendants' "intent to differentiate between mail-order and storefront suppliers." Def. Reply to Pls.' Mem. of P. & A. in Opp. to Defs.' Mot. to Dismiss, at 19. The content of the letter does *not* support defendants' position, but plaintiffs have not had a chance to argue this point because defendants did not offer the letter and corresponding argument until they filed their reply brief. Defendants also submitted an "amended" declaration from a CMS representative, and based on this new declaration, argued in their reply brief that "HHS received no comments from plaintiffs or anyone else stating that it could not or should not distinguish between mail-order and storefront suppliers for purposes of defining an 'item' under the MMA[.]" *Id.* at 20 (citing Amended Kaiser Decl. at 4). Plaintiffs have not had the opportunity to respond to this argument, nor has the agency filed the

- 1 -

administrative record with the Court to allow the plaintiffs, as well as the Court, the opportunity to determine for themselves what comments were and were not made in response to the notice of proposed rulemaking.

While the Court may not be able to "strike" the exhibits and arguments presented by defendants for the first time in their reply brief in support of their motion to dismiss, plaintiffs believe that some relief should be afforded them, and respectfully request that the Court disregard the improper evidence and argument advanced by defendants for the first time in their reply brief or grant plaintiffs' alternative request for leave to file a surreply.

I.  **DEFENDANTS IMPROPERLY SUBMITTED NEW EXHIBITS AND ARGUMENT IN THEIR REPLY BRIEF IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS.**

In their opening brief in support of their motion to dismiss, defendants suggested that, at some point down the road in this litigation, after they had time to review the administrative record, they might argue that plaintiffs had waived the right to challenge the competitive bidding regulation by failing to comment on the proposed rule. *See* Mem. in Supp. of Defs.' Mot. to Dismiss at 22-23 ("Given this notice, if Plaintiffs failed to submit a comment about HHS's proposal to consider delivery mode in implementing a competitive bidding program, they have waived their right to challenge HHS's determination to segment between DMEPOS items by delivery type (apart from the fact that such a challenge is barred by statute)."); *see also id.* at 23 n.13 ("HHS remains in the process of evaluating whether either Plaintiff submitted a timely comment pertinent to this issue."). Defendants now argue that this foreshadowing put plaintiffs "on notice" that defendants were making a "waiver" argument, and contend that "plaintiffs could have easily resolved the comment issue once and for all by attaching to their opposition memorandum the comments they now claim they submitted." Defs.' Resp. to Pls.' Mot. to Strike ("Def. Opp. to Mot.") at 3-4. Plaintiffs were under no obligation, however, to submit

*evidence* to dispute an issue simply *alluded* to by defendants on a *Rule 12(b)(6)* motion to dismiss.

Indeed, regardless of whether the "waiver" issue was fully and properly raised in defendants' opening brief in support of their motion to dismiss, defendants cannot rely on new exhibits (the Amended Declaration of Joel E. Kaiser and the June 30, 2006, letter from Apria Healthcare) and accompanying argument submitted with their reply brief without having their motion to dismiss converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Novartis Pharm. Corp. v. Shalala*, No. 99-0323, 1999 U.S. Dist. LEXIS 8749, at *3-4 (D.D.C. June 3, 1999) (defendants' reliance on part of administrative record converted motion to dismiss to motion for summary judgment). Defendants admit that they introduced the comment letter from Apria Healthcare "to rebut plaintiffs' legally unsupportable argument that the final rule was not a 'logical outgrowth' of the proposed rule." Def. Opp. to Mot. at 4. Thus, defendants have attempted to rely on material outside the pleadings to support their motion to dismiss Count III of plaintiffs' complaint, which challenges defendants' failure to follow the APA-mandated rulemaking procedure in selecting mail order diabetic supplies as an item for competitive bidding. *See* Complaint ¶¶ 62-66.

The new evidence from outside the pleadings and the corresponding argument therefore should be disregarded by the Court, or plaintiffs should be given a reasonable opportunity to meet such evidence and argument. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to

such a motion by Rule 56."). If the Court decides to the convert the motion, plaintiffs would need access to the entire administrative record in the case in order to have a "reasonable opportunity to present all material made pertinent" to the summary judgment motion, because defendants have argued in support of their "waiver" argument that "HHS received no comments from plaintiffs *or anyone else* stating that it could not or should not distinguish between mail-order and storefront suppliers for purposes of defining an 'item' under the MMA[.]" Defs.' Reply to Pls.' Mem. of P. & A. in Opp. to Defs.' Mot. to Dismiss, at 20.[1]

## II.    DEFENDANTS CANNOT INTRODUCE *NEW* EXHIBITS AND ARGUMENT IN THEIR *REPLY* BRIEF TO SUPPORT THEIR POSITION ON *DISPUTED* JURISDICTIONAL FACTS.

Defendants also improperly offered the amended Joel Kaiser declaration and the June 2006 Apria Healthcare letter with their reply brief in support of their Rule 12(b)(1) motion to dismiss for lack of standing. Defendants mischaracterize plaintiffs' challenge to their action. Plaintiffs do not contend that a Rule 12(b)(1) motion must be converted to a summary judgment motion if the 12(b)(1) motion relies on material outside the record. *See* Def. Opp. to Mot. at 6-7. Rather, plaintiffs argued that defendants should not be "entitled to rely on documents in the administrative record and argument related thereto to support their Rule 12(b)(1) motion to dismiss when plaintiffs *have not had access to the record or a meaningful opportunity to respond to such argument*." Pl. Mot. to Strike at 2 (emphasis added). As the court made clear in *Herbert v. Nat'l Academy of Sciences*:

---

[1]    Of course, this statement by defendants all but defeats their argument that the proposed rule provided adequate notice that mail order and store front suppliers would be treated differently in the first round of competitive bidding, as it is highly unlikely that no one (out of the 2,129 comments allegedly received by the agency) would challenge the distinction if the issue had been properly noticed by defendants. *Cf. Northwest Mining Ass'n v. Babbitt*, 5 F. Supp. 2d 9, 13 (D.D.C. 1998) ("The nature of the NWMA's claims under the APA is that there was insufficient notice of the altered and additional aspects of the final rule given by the BLM in its initial proposal. There is no way the NWMA could have submitted comments regarding interests it was not informed were at stake.").

> [S]hould the trial court look beyond the pleadings [in ruling on a Rule 12(b)(1) motion to dismiss], it must bear in mind what procedural protections could be required to assure that a full airing of the facts pertinent to a decision on the jurisdictional question may be given to all parties.

974 F.2d 192, 198 (D.C. Cir. 1992) (citation omitted).

Here, defendants introduced material from outside the pleadings in conjunction with their reply brief to argue that plaintiffs lack standing due to failure to show "procedural injury." *See* Defs.' Reply to Pls.' Mem. of P. & A. in Opp. to Defs. Mot. to Dismiss at 19-21. In a hybrid merits-jurisdictional argument, defendants contended that their proposed rule made clear the agency's intent to distinguish between mail order and storefront suppliers in the competitive bidding program, and offered the Apria Healthcare letter to show that "other suppliers had no difficulty gleaning the agency's intent from the straightforward text of the proposed rule." *Id.* at 19. Defendants should not be able to rely on new evidence from outside the pleadings and the corresponding argument in their *reply brief* in support of their motion to dismiss based on lack of standing, when plaintiffs were not afforded even the minimum "procedural protection" of being able to respond to such evidence and argument.

As defendants' current opposition makes clear, they also are relying on such material to "prove" a disputed fact that actually goes to the merits of plaintiffs' case – whether there was adequate notice and opportunity to comment on the inclusion of mail order diabetic testing supplies as an item for the first round of competitive bidding. *See* Def. Opp. to Mot. at 6 ("Defendants have sought to combat this lack of notice argument they [*sic*] only way we could— by referencing portions of the administrative record that prove that plaintiffs' claims of procedural injury are demonstrably false."). Defendants are relying on the Apria letter to show that "the proposed rule afforded ample notice that defendants planned to distinguish between mail order and storefront suppliers . . . ." *Id.* at 5. As an initial matter, defendants' argument is

incorrect – there is nothing in the Apria letter that remotely suggests that Apria anticipated a "mail order diabetic testing supplies" category of items for competitive bidding. Indeed, the Apria letter makes clear that the company was concerned about the *lack* of detail in the proposed rule with regard to the items to be selected for competitive bidding and the criteria used to establish product categories. In any event, because defendants' new evidence and argument intertwines a jurisdictional issue with an issue going to the merits of the case, and plaintiffs have not had the opportunity to respond because the evidence and argument were presented for the first time with defendants' reply brief, the Court should disregard the new evidence and argument at this time. "[T]hough the trial court may rule on disputed jurisdictional facts at any time, if they are inextricably intertwined with the merits of the case it should usually defer its jurisdiction decision until the merits are heard." *Herbert*, 974 F.2d at 198.

Defendants broadly argue that, if materials outside the pleadings could not be considered on a Rule 12(b)(1) motion to dismiss, then "a motion to dismiss could virtually never be granted in the face of a claim of procedural injury. This is so because allegations of procedural injury typically stand or fall on what is in the administrative record." Def. Br. at 7. But plaintiffs have not argued that defendants cannot rely on material outside the record in support of a Rule 12(b)(1) motion – the problem here is that defendants waited until they filed their reply brief to do so. Defendants' argument also appears to confuse the jurisdictional issue of whether plaintiffs have standing based on allegations of procedural injury with the question of whether plaintiffs, in fact, suffered a "procedural injury" in this case based on failure of notice and comment rulemaking.

Defendants' remaining contentions return to the merits of their "waiver" argument. *See* Def. Opp. to Mot. at 8-9. Defendants attempt to place the burden on plaintiffs to explain why

they have not put a copy of the comments they made to the proposed rule on the record, but this confuses the issue. *See id.* Plaintiffs have not filed a copy of their comments with the Court because the issue whether plaintiffs commented on the proposed rule, if it is even relevant, *see id*. at 9 (conceding waiver argument limited to only foreclose "plaintiffs' ability to challenge defendants' actions as arbitrary and capricious"), was not adequately raised by defendants until their reply brief.

Plaintiffs therefore respectfully request that the Court disregard the new arguments and evidence submitted by defendants in their reply brief in support of their motion to dismiss, or allow plaintiffs the opportunity to fully respond to defendants' newly raised arguments and evidence after being given access to, at a minimum, the entire administrative record in this case.

Dated: March 11, 2008.

Respectfully submitted,

 /s/ Frederick Robinson_____
Frederick Robinson
D.C. Bar. No. 367223
Caroline M. Mew
D.C. Bar No. 467354
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 662-0200

Attorneys for Plaintiffs