IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLINA MEDICAL SALES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary of the Department of Health and Human Services, et al., <br><br> Defendants. | Civil Action No. 1:07-cv-01298 |

**DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION OR CORRECTION OF OPINION**

By Memorandum Opinion dated June 19, 2008, this Court granted defendants' motion to dismiss for lack of subject matter jurisdiction, and dismissed the complaint in the above-styled case. Defendants respectfully request clarification of one passage in this Court's Memorandum Opinion.

This Court stated in pertinent part that:

The plaintiffs insist that § 1395w-3(b)(10)(D) does not bar their complaint because they "are not challenging the Secretary's decision to phase-in mail order diabetic supplies first to the competitive bidding program. Rather, plaintiffs' claim is that the Secretary had no authority under the statute to treat 'mail order' diabetic suppliers differently than store front suppliers at any time." Pls.' Opp'n at 12. The defendants essentially concede the point, arguing that the plaintiffs' argument "turns on whether the definition of 'item' the Secretary adopted permits him to consider delivery type." Defs.' Reply at 9. In other words, the question turns on whether § 1395w-3(b)(10)(E) precludes review.

Mem. Op. at 9.

Defendants are unclear about which point this Court believes defendants conceded based on the passage above. To the extent that the passage states that defendants conceded that the

Secretary is treating mail-order and storefront providers of diabetic supplies differently with respect to the initial phases of DMEPOS competitive bidding, this Court is correct. Defendants do not dispute that the Secretary is treating mail-order and storefront providers of diabetic supplies differently with respect to the initial phases of competitive bidding. To the extent that the Court believes that defendants conceded that § 1395w-3(b)(10)(D) is inapplicable, this is incorrect. As we argued both in the motion to dismiss and again in our opposition to plaintiffs' motion for a preliminary injunction, *see* Defs'. Opp. to Pls'. Mot. for Prelim. Inj. at 24-26, plaintiffs' claims were barred by § 1395w-3(b)(10)(D). Accordingly, defendants respectfully request clarification of this aspect of the Court's Memorandum Opinion.

Pursuant to Local Rule 7(m), undersigned counsel conferred with opposing counsel, and opposing counsel does not oppose this motion. Opposing counsel agrees that defendants have accurately represented their position, but continues to disagree with defendants' view of the case on the merits.

## CONCLUSION

For the foregoing reasons, defendants respectfully request clarification or correction of this Court's Memorandum Opinion.

Dated: June 23, 2008              Respectfully submitted,

                                                          GREGORY G. KATSAS
                                                          Acting Assistant Attorney General

                                                          SHEILA M. LIEBER
                                                          Deputy Assistant Director
                                                          Federal Programs Branch

                                                          s/ *C. Lee Reeves*
                                                          C. LEE REEVES

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW Rm. 7109
Washington, DC  20530
Tel: 202-514-4805
Fax: 202-616-8470
lee.reeves@usdoj.gov

*Attorneys for Defendants*